IN THE MATTER OF THE APPLICATION OF CHARLES STEVEN MELKONIAN, T/A BONZO'S, SLOCUM SHOPPING CENTER, HAVELOCK, NORTH CAROLINA

No. 863SC1223

(Filed 19 May 1987)

**Administrative Law § 6; Intoxicating Liquor § 2.8— denial of malt beverage permit —review in Wake County Superior Court**

    Under N.C.G.S. § 18B-906, the ABC Commission's denial of an application for a malt beverage permit on 9 December 1985 was a Commission action on "issuance" of an ABC permit and became a contested case for purposes of the APA on that date. Therefore, a petition for judicial review of the final agency

decision which granted the permit on 5 May 1986 was governed by the former N.C.G.S. § 150A-45 requirement that it be filed in the Superior Court of Wake County rather than by N.C.G.S. § 150B-45, which permits review to be sought in the county of the petitioner's residence, since N.C.G.S. § 150B-45 does not apply to contested cases commenced before 1 January 1986.

APPEAL by petitioner from *Reid, Judge.* Order entered 24 September 1986 in Superior Court, CRAVEN County. Heard in the Court of Appeals 6 May 1987.

*Ward and Smith, P.A., by William Joseph Austin, Jr., for petitioner, appellant.*

*Marshall & Safran, by David S. Crump, for respondent, appellee, North Carolina Alcoholic Beverage Control Commission.*

*Ward, Ward, Willey & Ward, by A. D. Ward, Sr., for respondent, appellee, Charles Steven Melkonian.*

HEDRICK, Chief Judge.

The record before us discloses the following: On 13 November 1985, Charles Steven Melkonian filed with the North Carolina Alcoholic Beverage Control Commission (hereinafter the Commission) an application for an on-premises malt beverage permit for a business to be known as Bonzo's located in Slocum Village Shopping Center in Havelock, North Carolina. In an "Official Notice of Rejection," dated 9 December 1985, the permit was denied because "[t]he applicant and location cannot be considered suitable to receive or hold said permit due to local government objections." Melkonian appealed the rejection and requested a hearing on the matter. A hearing was held before Ann S. Fulton, Chief Hearing Officer of the Commission, on 3 April 1986. Charles Satanski, Director of Inspections for the City of Havelock and Executive Secretary to the Board of Adjustment of the City of Havelock, appeared at the hearing in opposition to the issuance of the permit. The hearing officer recommended that a permit be issued and on 5 May 1986, the Commission issued a permit to Melkonian.

On 8 May 1986, the City of Havelock filed a petition in Craven County Superior Court seeking judicial review of the final agency decision issuing the permit. On 10 June 1986, the Commission and respondent Melkonian filed a motion to dismiss the peti-

tion pursuant to G.S. 1A-1, Rule 12(b)(1). Following a hearing, the trial judge entered an order dismissing the petition, declaring that the Superior Court of Craven County lacked jurisdiction over the subject matter of the petition, because G.S. 150A-45, which applies in this case, "vests exclusive subject matter jurisdiction over petitions for judicial review of an agency decision in the Superior Court of Wake County." Petitioner appealed.

G.S. 150A-45, prior to the recodification of Chapter 150A as Chapter 150B, provided in pertinent part, "[i]n order to obtain judicial review of a final agency decision under this Chapter, the person seeking review must file a petition in the Superior Court of Wake County." The foregoing statute was replaced by G.S. 150B-45 which now provides, in pertinent part, "[i]n order to obtain judicial review of a final decision under this Chapter, the party seeking review must file a petition in Superior Court of Wake County or in the superior court of the county where the petitioner resides." Section 19 of Chapter 746 of the 1985 Session Laws, which adopted Chapter 150B, provides that the act shall not affect contested cases commenced before 1 January 1986.

Petitioner contends the trial court erred in dismissing the petition for lack of jurisdiction over the subject matter. Petitioner argues that it properly filed the petition in the Superior Court of Craven County pursuant to the provisions of G.S. 150B-45, because it involves a contested case commenced after 1 January 1986. We disagree.

G.S. 18B-906 provides for the applicability of the Administrative Procedure Act to decisions by the Commission regarding the issuance of ABC permits. This statute provides, in pertinent part, as follows:

(a) Act Applies.—An ABC permit is a "license" within the meaning of G.S. 150A-2, and a Commission action on issuance, suspension or revocation of an ABC permit, other than a temporary permit issued under G.S. 18B-905, is a "contested case" subject to the provisions of Chapter 150A except as provided in subsection (b).

The record before us in the present case affirmatively discloses that Melkonian's application for a permit was initially denied by the Commission on 9 December 1985. This denial was

clearly a Commission action on "issuance" of an ABC permit, and, pursuant to the provisions of G.S. 18B-906, the ruling on the application became a "contested case" for the purposes of the Administrative Procedure Act on 9 December 1985. We hold, therefore, that the trial court properly dismissed the petition for judicial review.

The order appealed from is

Affirmed.

Judges EAGLES and PARKER concur.